**Dismiss and Opinion Filed June 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00683-CV

## IN RE EDRICK PHILLIPS, Relator

**Original Proceeding from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. W04-58212-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that this Court order the district clerk to transmit his petition for writ of habeas corpus to the Court of Criminal Appeals. This Court does not have mandamus jurisdiction over the district clerk except for very limited circumstances not applicable here. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2010); *In re Chumbley,* No. 05–13–00881–CV, 2013 WL 3718070, at *1 (Tex. App.—Dallas July 12, 2013, orig. proceeding) (mem. op). In addition, only the Court of Criminal Appeals has jurisdiction to issue a writ of mandamus in a matter related to a pending post-conviction habeas corpus proceeding. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk,* No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee,* 53 S.W.3d at 717. Any complaints about action or inaction on a matter related to a pending post-conviction petition for

writ of habeas corpus, must be brought by mandamus to the Court of Criminal Appeals and not to this Court. *In re McAfee*, 53 S.W.3d at 717. Accordingly, we **DISMISS** the petition for writ of mandamus for lack of jurisdiction.

140683F.P05

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE